UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PARKER STEWART, IMINDY, LLC, AND ITS SUCCESSORS AND ASSIGNS;<br><br>Plaintiffs,<br><br>vs.<br><br>PLAINS COMMERCE BANK, CHRISTOPHER HAMZE, INDIVIDUALLY AND AS MEMBER OF IMINDY, LLC, MEMBER OF TEE LAUNCH LB, ORGANIZER &AMP; REGISTERED AGENT OF FANTOM DTG, LLC &AMP; ORGANIZER OF INFINITE SUPPLY, LLC; NICHOLAS HAMZE, INDIVIDUALLY AND AS ORGANIZER & AMP; REGISTERED AGENT OF FYMCO, LLC, ORGANIZER OF FANTOM DTG, LLC AND ORGANIZER &AMP; REGISTERED AGENT OF INFINITE SUPPLY, LLC; TED HAMZE, CHRISTOPHER MARBUS, FYMCO, LLC, AND ITS SUCCESSORS AND ASSIGNS; TEELAUNCH LB, AND ITS SUCCESSORS AND ASSIGNS; FANTOM DTG, LLC, AND ITS SUCCESSORS AND ASSIGNS; INFINITE SUPPLY, LLC, AND ITS SUCCESSORS AND ASSIGNS; AND DISTRICT PHOTO, AND ITS SUCCESSORS AND ASSIGNS;<br><br>Defendants. | 4:25-CV-04007-RAL<br><br><br>OPINION AND ORDER DENYING UNOPPOSED MOTION TO CONTINUE AS MOOT AND DENYING MOTION TO DISMISS AS TO TED HAMZE |

Plaintiffs Parker Stewart and imINDY LLC d/b/a TeeLaunch ("Plaintiffs") move to continue their deadline to respond to a Motion to Dismiss, Doc. 41, filed on behalf of Ted Hamze,

1

a defendant named in this action. Doc. 52. For the reasons explained below, Plaintiffs' Motion to Continue is denied as moot.

I.   **Facts and Procedural Background**

On January 9, 2025, Plaintiffs brought this action alleging Defendants engaged in activity violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). Doc. 1 at 36–49. Attorney Corey Bruning, on February 24, 2025, filed a Motion to Dismiss for Failure to State a Claim, Doc. 41, on behalf of Defendants Christopher Hamze, Nicholas Hamze, Ted Hamze, FYMCO, LLC, Fantom DTG, LLC and Infinite Supply, LLC. Unfortunately, Ted Hamze had passed away on February 14, 2025—ten days before the motion was filed. Doc. 51 ¶ 3; Doc. 52-3. At this time, the record does not indicate an estate for Ted Hamze has been opened. See Doc. 52 ¶ 4; Doc. 52-6.

Plaintiffs have provided notice under D.S.D. LR 12.1 that they have agreed with all Defendants aside from Ted Hamze to a 21-day extension to file their response and reply briefs. Doc. 47. Plaintiffs contend their response to the Motion to Dismiss as to Ted Hamze would not be proper, as the Motion to Dismiss should have been brought by Ted Hamze's estate rather than Ted Hamze personally. Doc. 52 ¶ 8. Plaintiffs now move this Court "to continue the proceedings solely in relation to Ted Hamze until such estate is opened for Ted Hamze." Id. ¶ 10.

II.   **Discussion**

The death of a client generally terminates the attorney-client relationship. In re Johnson, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009); see 7A C.J.S. Attorney & Client § 335 (2024). Once the attorney-client relationship is terminated, an attorney cannot file pleadings or responses on behalf of a former client. In re Johnson, 402 B.R. at 314. "The attorney-client relationship between [Mr. Bruning] and [Ted Hamze] terminated upon [Ted Hamze's] death." Id. Mr.

Bruning has not shown that he had authority to represent Ted Hamze beyond death; thus, he may not litigate further on behalf of Ted Hamze personally. Id. This includes filing a motion to dismiss. See, e.g., Bingaman v. Rosenbohm, 288 N.W. 900, 901 (Iowa 1939) ("It is apparent that at this time the attorney had no authority or power to enter such dismissal or to do anything else in the case except to advise the court of the death of his client.").

Because an estate has not been created and Mr. Bruning consequently has not been appointed as the attorney or representative of Ted Hamze's estate, Mr. Bruning does not have standing to file a motion to dismiss as to Ted Hamze. Kasting v. Am. Fam. Mut. Ins. Co., 196 F.R.D. 595, 598 (D. Kan. 2000); see In re Johnson, 402 B.R. at 314. Accordingly, this Court is unable to consider claims as to Ted Hamze unless and until there is a proper substitution of parties under Fed. R. Civ. P. 25(1).

### III. Conclusion

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss, Doc. 41, is denied as to Ted Hamze. It is further

ORDERED that Plaintiff's Unopposed Motion for Continuance in Relation to Their Response to Ted Hamze, Doc. 52, is denied as moot. It is finally

ORDERED that all other stipulated timeframes to file responses to the Motions to Dismiss on behalf of all other defendants remain effective.

DATED this 14th day of March, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE